**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meloniece Dukes, | No. CV-25-00259-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's application for leave to proceed in forma pauperis (Doc. 2), which the Court hereby grants. The Court will screen the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint is dismissed without leave to amend.

I.   Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* A complaint "is frivolous where it lacks an arguable basis either in law or in fact," such that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Section 1915(d) is designed

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Id.* at 327-28.

II.    Analysis

The initial filing in this case, which is styled as a "motion" but is construed as the complaint, states that the Social Security Administration denied Plaintiff's claims for disability benefits and retirement benefits and that the denial of benefits was "arbitrary, capricious, and not supported by substantial evidence." (Doc. 1 at 2.) The complaint further alleges that "Plaintiff has contributed to the Social Security system since 2003 and has paid a total of $51,665.00 into the program." (*Id.*) Having been denied disability benefits, Plaintiff wants "a full refund of all contributions made, and to have her personal information removed from the SSA database." (*Id.*)

There is no legal basis for Plaintiff's request. Although Plaintiff may appeal the denial of her application for disability benefits, she is not entitled to a "refund" of the money she has paid into the Social Security system.

The complaint is dismissed without leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). The complaint lacks an arguable basis in law and it is absolutely clear that amendment cannot cure this fatal deficiency. Plaintiff is free to file an appeal of the denial of benefits.

…

1  Accordingly,

2  **IT IS ORDERED granting** the Application to Proceed in District Court without
3  Prepaying Fees or Costs (Doc. 2).

4  **IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** without
5  leave to amend.

6  Dated this 7th day of February, 2025.

Dominic W. Lanza
United States District Judge